Mark Brnovich
Attorney General

James Driscoll-MacEachron, Bar No. 027828
Kara M. Karlson, Bar No. 029407
Assistants Attorney General
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-8137
Fax:  (602) 542-8308
James.Driscoll-MacEachron@azag.gov

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Edward Malnes,<br><br>                Plaintiff,<br><br>vs.<br><br>State of Arizona; Michele Reagan,<br><br>                Defendants. | Case No: 3:16-cv-08008-GMS<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

This Court should dismiss Plaintiff's Amended Complaint with prejudice because Plaintiff has not shown any ability to state a claim for which relief can be granted. Plaintiff's claims against the State and the Secretary of State are barred by the Eleventh Amendment, and Plaintiff cannot state a claim that A.R.S. § 16-101(A)(5) violates either the Fifteenth or the Twenty-Sixth Amendment.

**I.    STANDARD OF REVIEW**

Plaintiff's claims can survive the Defendants' Motion to Dismiss only if the Plaintiff can provide factual support sufficient for the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008).  If a plaintiff is unable to allege sufficient facts to support his requested relief, then it would be "unfair to the opposing party to be subjected to the

expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). These basic pleading requirements also apply to *pro se* litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *see also Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000) ("A pro se litigant is not excused from knowing the most basic pleading requirements."). A pro se litigant is not entitled to amend his complaint to avoid dismissal when such amendment would be futile. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

## II. The Eleventh Amendment Disposes of the Majority of Plaintiff's Claims.

Plaintiff's argument against Eleventh Amendment immunity in federal court misapprehends the relevant authorities. Plaintiff states that the Defendants cited numerous Eleventh Amendment cases, "but no settled definition exists, only interpretations of the 11th Amendment." Response at 11. Contrary to Plaintiff's conclusions, however, precedent defining the boundaries of Eleventh Amendment immunity is both clear and controlling.

"It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is also clear that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Put simply, "federal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'" *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996).

Against these authorities, Plaintiff offers only *Nevada v. Hall*, 440 U.S. 410 (1979). Resp. at 11. But *Hall* is inapplicable. In *Hall*, the State of Nevada was sued in California state court. *Id.* at 411. When a state is sued in the courts of another state, the

1  Eleventh Amendment does not apply. *Id.* at 420. Plaintiff, however, sued the State of
2  Arizona in federal court, and, in federal court, the State's immunity from suit and the
3  immunity of the office of the Secretary of State from a suit for past damages—such as
4  the $10 million the Plaintiff is seeking here—is clear, settled law. *See Edelman*, 415
5  U.S. at 663.

6       Plaintiff then argues that his claims can proceed under *Scheuer v. Rhodes*, 416
7  U.S. 232 (1974), presumably based upon a purported claim against the Secretary in her
8  personal capacity. Resp. at 11-12. But Plaintiff did not and cannot plead a personal
9  capacity claim under 42 U.S.C. § 1983. At its most basic level, a personal capacity
10 claim requires personal involvement. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.
11 2002); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Pina v. Clarke*, 438
12 F. App'x 574, 575-76 (9th Cir. 2011) (holding that plaintiff failed to show personal
13 involvement in implementation of state statute). Plaintiff's Amended Complaint does
14 not allege that the Secretary had any personal interaction with him. The only interaction
15 he allegedly had with the Secretary's Office was when "Plaintiff attempted to register on
16 the State of Arizona's Voter Registration webpage." Am. Compl. at 2. Plaintiff has not
17 and cannot allege that the Secretary was personally involved in that interaction, so
18 Plaintiff cannot rely on *Scheuer* to save his claims from dismissal.

19      Thus, nearly all of Plaintiff's claims are completely barred by the Eleventh
20 Amendment. The Plaintiff cannot bring a claim against the State of Arizona unless the
21 State consents to suit, waives its immunity, or Congress specifically abrogates the State's
22 immunity. *Seminole Tribe*, 517 U.S. at 59; *Pennhurst*, 465 U.S. at 99, 101-02.
23 Additionally, the Court should dismiss all claims for monetary relief against the
24 Secretary herself because the Eleventh Amendment bars actions against state officers
25 sued in their official capacities for past wrongs when the Plaintiff seeks retroactive relief
26 like money damages—and Plaintiff has not and cannot allege any claim against the
27
28

Secretary in her personal capacity. *See Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988); *Jones*, 297 F.3d at 934.

The only possible remaining claim is a claim for injunctive relief against the Secretary in her official capacity; however, as shown below, the Court must dismiss that claim because Plaintiff has not plausibly alleged any violation of the Fifteenth or Twenty-Sixth Amendments.

### III. Plaintiff Cannot State a Claim that A.R.S. § 16-101(A)(5) Violates the Fifteenth or Twenty-Sixth Amendments.

Plaintiff makes no serious argument that A.R.S. § 16-101(A)(5) violates the Constitution. Instead, Plaintiff attempts to equate convicted felons with slaves. This comparison is as unpersuasive as it is inappropriate. Put simply, Plaintiff is not and never has been a slave.

Plaintiff's argument first fails because he misapprehends the relevant constitutional text. He cites the Thirteenth Amendment, but that amendment specifically exempts "punishment for crime whereof the party shall have been duly convicted" from the definition of involuntary servitude. U.S. Const. amend. XIII, § 1. Plaintiff's argument also fails to grapple with the horror of slavery by equating a person who has been duly convicted of committing a felony or multiple felonies through a judicial process that protected his rights under the Fourth, Fifth, Sixth, and Eighth Amendments with a person who has no rights at all. There is an unquestionably stark distinction between slaves—relegated to the status of chattel by an accident of birth without any recourse to the courts—and felons, who may have specific rights curtailed on a limited basis as a direct result of actions they intentionally committed that harmed other people.

Turning to Plaintiff's specific claims, his Amended Complaint fails to state a claim upon which relief can be granted under either the Fifteenth or Twenty-Sixth Amendments. Plaintiff has failed to provide any basis for his Fifteenth Amendment claim. Section 16-101(A)(5) does not discriminate on the basis of "race, color, or

previous condition of servitude." U.S. Const. amend. XV, § 1.  Rather, the Arizona law limiting felon enfranchisement broadly applies to all felons, not felons of a particular race, or felons who have been assigned to work detail as part of their sentence. *See* A.R.S. § 16-101(A)(5).  The law allowing felons to re-instate their rights is similarly broad, providing for *automatic* restoration of civil rights to all first-time felons, A.R.S. § 13-912, and allowing any felon to apply for re-instatement of voting rights via application to the court system, A.R.S. §§ 13-905, -906, -909, -910.  These generally-applicable statutes do not discriminate on the basis of race or previous condition of servitude.  Similarly, Plaintiff has failed to state a claim under the Twenty-Sixth Amendment because A.R.S. § 16-101(A)(5) applies equally to all felons of voting age, and thus does not deny or abridge the right to vote on account of age.[1]  U.S. Const. amend. XXVI, § 1.

### IV.   CONCLUSION

For the reasons stated herein and the arguments provided in Plaintiff's Motion to Dismiss, incorporated herein by this reference, Defendants respectfully request that this Court dismiss Plaintiff's Amended Complaint with prejudice.

Respectfully submitted this 3rd day of <u>March</u>, <u>2016</u>.

>Mark Brnovich
>Attorney General
>
> s/ Kara M. Karlson
>James Driscoll-MacEachron
>Kara M. Karlson
>Assistants Attorney General
>Attorneys for Defendants

//

//

//

---

[1] Plaintiff failed to provide any argument in support of his Twenty-Sixth Amendment claim in his response to the Motion to Dismiss.

1  I certify that I electronically transmitted the attached document to the Clerk's
2  Office using the CM/ECF System for filing and transmittal of a Notice of Electronic
3  Filing to the following, if CM/ECF registrants, and mailed a copy of same if non-
4  registrants, this <u>3rd</u> day of <u>March</u>, <u>2016</u>, to:

Brian Edward Malnes
2157 W. Alaska Ave.
Flagstaff, AZ  86001
Plaintiff pro per

 <u>s/ Maureen Riordan</u>

#4936408 v3