Mark Brnovich
Attorney General

James Driscoll-MacEachron, Bar No. 027828
Kara M. Karlson, Bar No. 029407
Assistants Attorney General
1275 W. Washington
Phoenix, Arizona 85007-2997
Telephone: (602) 542-8137
Fax:  (602) 542-8308
James.Driscoll-MacEachron@azag.gov

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Edward Malnes,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>State of Arizona; Michele Reagan,<br><br>　　　　　　　　Defendants. | Case No: 3:16-cv-08008-GMS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S  MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

　　　　Defendants the State of Arizona and Arizona Secretary of State Michele Reagan ("the Secretary") respectfully request this Court deny Plaintiff Brian Edward Malnes' Motion for Temporary Restraining Order and Preliminary Injunction ("TRO") because Plaintiff fails to allege the facts required to support his allegations, and in any event, Plaintiff would fail to meet the standard required for injunctive relief.  Thus, the Court should deny Plaintiff's TRO.

## I.　　BACKGROUND

　　　　Plaintiff filed a Complaint against the State of Arizona and the Secretary on January 20, 2016.  The Complaint alleges that A.R.S. § 16-101(A)(5), which prohibits felons from voting if their civil rights are not restored, violates the Fifteenth and Twenty-

Sixth Amendments.  In the lawsuit, Plaintiff seeks a permanent injunction against enforcement of A.R.S. § 16-101(A)(5) and $10 million.

Defendants timely filed a Motion to Dismiss on February 16, 2016, arguing that the Eleventh Amendment disposes of the majority of Plaintiff's claims and that the remainder of his claims may be disposed of as a matter of law because felon disenfranchisement pursuant to A.R.S. § 16-101(A)(5) is constitutional.  *See generally* Defs' Mot. to Dismiss.  Plaintiff's Response argued, in essence, that all prisoners are slaves, and thus the Fifteenth Amendment's ban on discrimination based on "prior condition of servitude" renders felon disenfranchisement unconstitutional.  Defendants filed a reply on March 3, 2016, refuting Plaintiff's claims.

Plaintiff filed the TRO on March 1, 2016.  Plaintiff seeks a preliminary injunction finding that the Defendants are violating his Fifteenth Amendment right "in restricting franchise to ex-felons."  P's Mem. in Support of TRO and Prelim. Inj. ("Mem.") at 1. Plaintiff also seeks a TRO finding that "the Defendants are violating 18 U.S.C. § 1512(b)—Obstruction by Intimidation, Threats, Persuasion, or Deception" and ordering the Defendants to not physically harm the Plaintiff and refrain from obstructing his federal campaign.  *Id.* at 3-4.

To support his claim that Defendants are violating his civil rights, Plaintiff attaches email exchanges between him and members of the Attorney General's Office ("AGO") and the Secretary's Office from February 16 to February 26, 2016.  Exh. 1 to Mem.  The emails demonstrate that Plaintiff began accusing Defendants and the AGO of criminal civil rights violations shortly after receiving Defendants' Motion to Dismiss. Exh. 1 at 7.  Despite the increasing aggressiveness of Plaintiff's communications with both the Secretary and the AGO, *see, e.g., id.* at p. 12 ("Bad way to end a 4 month employment, but maybe being a lawyer was not for you?"), Defendants acted with professionalism toward Plaintiff, *see, e.g., id.* at 13-14.

## II.     Plaintiff Cannot Meet the High Showing Required to Support the Extreme Remedy He Seeks.

Although fashioned by Plaintiff in this case as two separate forms of relief, a request for a preliminary injunction and a request for a temporary restraining order are judged by the same standard.  *New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977).  Preliminary injunctive relief is generally disfavored because it is an extreme remedy.  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  Such relief should only be provided on a clear showing that the movant is entitled to the requested relief.  *Id.*

To obtain the relief he seeks, Plaintiff bears the burden of demonstrating to the Court that he is likely to succeed on the merits of his claim, likely to suffer irreparable harm if the relief he seeks is not immediately granted, the balance of equities tips in his favor, and that the injunction is in the public interest.  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  Indeed, the *possibility* of irreparable harm is insufficient; the plaintiff must prove that irreparable harm is *likely* to prevail.  *Id.* at 22.

### A.  Plaintiff Is Unlikely to Succeed on the Merits.

Not only is Plaintiff unlikely to succeed in his Fifteenth and Twenty-Sixth Amendment claims, he fails to raise a claim in his Amended Complaint upon which relief can be granted.  For reasons fully explained in Defendants' Motion to Dismiss, and incorporated herein by this reference, Plaintiff has raised a claim seeking the Court's protection of a right that Plaintiff does not possess.  Defs' Mot. to Dismiss at 10 (citing *e.g., Harvey v. Brewer*, 605 F. 3d 1067, 1079 (9th Cir. 2010) (explaining that felons do not have a constitutionally protected right to vote)).  Because Plaintiff—an admitted convicted felon—does not possess a constitutional right to vote, he cannot succeed on the merits of the claim in his Amended Complaint.  Thus, his request for a TRO barring enforcement of A.R.S. § 16-101(A)(5) should fail on this basis alone.

3

As to the claims accusing the Secretary and the AGO of violating criminal statutes, Plaintiff is equally likely to fail.  He not only has not amended his Amended Complaint to allege facts to support his claims of criminal violations, neither his Memorandum nor the attached exhibit demonstrate facts that would support his claims of criminal violations.[1]

To support his criminal allegations, Plaintiff primarily relies on an article that reports that Matt Roberts, the Secretary's spokesman, stated that "[a]ccording to state law, a person must be a 'qualified elector' to run for office, which means he must be eligible to register to vote, and must be registered to vote."  Mem. at 2-3 (quoting Andrea Kelly, *1st Congressional District Candidate Might Not Qualify*, ARIZ. PUB. MEDIA (Feb. 16, 2016) https://news.azpm.org/p/arizona-news/2016/2/16/82127-independent-candidate-in-azs-first-congressional-district-might-not-qualify/).  Plaintiff also notes that the article explains that the Secretary's Office does not investigate candidate eligibility unless another person files a challenge and that Plaintiff has acknowledged that he is not registered to vote.  *Id.*[2]  Plaintiff also relies on the email exchanges attached in exhibit 1.

Plaintiff asserts that Defendants violated 18 U.S.C. § 241.  Mem. at 4.  To prove a conspiracy under 18 U.S.C. § 241, the Plaintiff must demonstrate that Defendants agreed to accomplish an illegal objective and had the requisite intent necessary to commit the underlying offense.  *United States v. Allen*, 341 F.3d 870, 891 (9th Cir. 2003) (upholding

---

[1] Plaintiff has no civil remedy for the criminal violations he alleges.  *Aldabe v. Aldabe*, 616 F. 2d 1089, 1092 (9th Cir. 1980) (upholding dismissal of civil claims of violations of 18 U.S.C. §§ 241, 242 because the criminal statutes "provide no basis for civil liability"); *Cooley v. Keisling*, 45 F.Supp. 2d 818, 820 (D. Ore. 1999) (refusing to allow civil claims for alleged violations of 18 U.S.C. § 245); *Rowland v. Prudential Fin. Inc.*, 362 F.App'x. 596, 596-97 (9th Cir. 2010) (mem.) (affirming decision dismissing 18 U.S.C. § 1512 claims for failure to state a proper basis for civil liability).

[2] As part of his request for relief, Plaintiff correctly cites *Schaefer v. Townsend*, 215 F.3d 1031 (9th Cir. 2000) for the proposition that the substantive requirements for a congressional candidate are limited to the requirements found in the U.S. Constitution.  Mem. at 3.  However, Plaintiff has not claimed that the Arizona law requiring candidates for federal office to be qualified electors is unconstitutional.  Because Plaintiff has no claim regarding this request, Defendants do not substantively address it here.  Nevertheless, because Defendant's attorneys have a duty of candor to the Court, they acknowledge Plaintiff is not barred from federal candidacy solely due to his status as a convicted felon.

conspiracy conviction of a non-member of the Ku Klux Klan when co-conspirator was seen wielding a weapon and searching a park with other KKK members and yelling racial slurs at minorities found in the park); *United States v. Skillman*, 922 F.2d 1370, 1373 (9th Cir. 1990) (finding a conspiracy when defendant built a cross, rode on a bicycle with a co-conspirator to the home of an African-American family, lit the cross and watched it burn in the family's front yard).  Plaintiff does not demonstrate that Defendants agreed to intentionally accomplish an illegal objective or that Defendants willfully sought to deprive him of his rights.  Indeed, the exhibit Plaintiff attached to the Memorandum demonstrates that Defendants have treated Plaintiff fairly, with due regard to his rights.

Plaintiff also asserts that Defendants violated 18 U.S.C § 242, a claim that Plaintiff cannot support.  Section 242 allows for criminal charges to be brought against a Defendant who, under color of law, "willfully subjects any person . . . to the deprivation of any rights . . . by reason of his color, or race."  *See, e.g., Reitman v. Mulkey*, 387 U.S. 369, 380-81 (1967) (regarding a state law authorizing racial discrimination in the housing market).  This criminal statute does not provide any relief to Plaintiff, a private litigant.  *Allen v. Gold Country Casino*, 464 F.3d 1033, 1048 (9th Cir. 2006) (affirming the dismissal of a § 242 claim because it is a criminal statute, not an avenue to enforce civil liability).  Moreover, Plaintiff has not submitted any fact supporting a claim that his rights are being willfully violated by any of the Defendants.  At best, Plaintiff has demonstrated that Roberts made a single statement summarizing Arizona law requiring candidates to be qualified electors to the press, along with an explanation that no enforcement activity can be independently brought by the Secretary.  This simply does not rise to the level of a willful, criminal violation of Plaintiff's civil rights.  *See, e.g,. Koon v. United States*, 518 U.S. 81, 86-87 (1996) (reviewing sentencing of officers convicted of § 242 charges for beating Rodney King, continuing to stomp on King's back and neck after he lay prone and unresponsive); *United States v. Reese*, 2 F.3d 870,

878 (9th Cir. 1993) (outlining various offenses by arresting officers, including planting cocaine on a suspect, taking money recovered during arrests, and choking multiple suspects without provocation).

Plaintiff also asserts that Defendants violated 18 U.S.C. § 245(b)(1)(A), which requires the Plaintiff to show that Defendants acted by "force or threat of force." *See, e.g., United States v. Allen*, 341 F.3d 870, 896 (9th Cir. 2003). But Plaintiff does not allege any force or threat of force was used against him. Rather, the exhibit Plaintiff attached to his memorandum demonstrates the exact opposite; that he was consistently treated with respect and courtesy by Defendants while he continued to make unfounded allegations, demand resignations, and insist on special treatment. Plaintiff does not allege any facts that show that any of the Defendants willfully engaged in force or the threat of force to injure or intimidate him out of exercising any rights. Other than Plaintiff's self-serving claims of "again, a threat" (Exh. 1, p. 22) in response to an email that explicitly stated "no one at this office or the Secretary's office has threatened you in any way," *id.*, he provides no facts to show that anyone acting under the Defendants' authority threatened him in any way. Indeed, they did not.

Finally, Plaintiff's claim of a violation of 18 U.S.C. § 1512(b) is frivolous. Although Plaintiff fashions this as "Obstruction by Intimidation, Threats, Persuasion, or Deception," it is a witness-tampering statute. Specifically, the law states:

> (b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—(1) influence, delay, or prevent the testimony of any person in an official proceeding; . . . .

Defendants have not used intimidation or threats to influence or otherwise improperly interfere with any official proceeding. Rather, Plaintiff seems to believe that Roberts' single statement to the press, accurately describing state law, is a violation of a federal witness-tampering statute; it is not. For these reasons, Plaintiff cannot demonstrate that he is likely to succeed on the merits,

6

1    and his request for a preliminary injunction and temporary restraining order
2    should be denied.

3        **B.  Plaintiff Has Not Demonstrated a Likelihood of Irreparable Harm.**

4        Plaintiff's inability to demonstrate any cognizable harm arising from his inability
5    to vote is linked to his inability to succeed on the merits.  Because a felon has no
6    constitutional right to vote, Plaintiff does not demonstrate a redressable harm.  *See, e.g.,*
7    *Harvey*, 605 F.3d at 1079 ("[Felon re-enfranchisement] is not a fundamental right; it is a
8    mere benefit that (as plaintiffs admit) Arizona can choose to withhold entirely.").
9    Instead, Plaintiff seeks the assistance of this Court to rewrite state laws barring felons
10   from voting that have been consistently upheld by courts across the country, rather than
11   seeking to restore his civil rights pursuant to A.R.S. § 13-909.

12       Plaintiff has not demonstrated that Defendants have interfered with his right to
13   run as a federal candidate, assuming he meets the three requirements provided by the
14   Constitution and the procedural requirements required of every other federal candidate in
15   the State.  As explained in the very article that Plaintiff complains about, the Secretary
16   does not review nomination petitions, but is included in any qualification challenge
17   raised by other candidates once nominating petitions are filed.  Mem. at 3.  Plaintiff has
18   not alleged that there has been any challenge to his qualifications for office.  Indeed, the
19   first day that Plaintiff can file nomination papers with the Secretary's office is May 2,
20   2016, and the last day is June 1, 2016.  A.R.S. § 16-311(A) (requiring filing of a
21   nomination paper "not less than ninety nor more than one hundred twenty days before
22   the primary election.").  In other words, Defendants have not taken any steps to harm
23   Plaintiff's federal campaign, much less taken any steps that would irreparably harm his
24   ability to run.  "Speculative injury does not constitute irreparable injury sufficient to
25   warrant granting a preliminary injunction."  *Caribbean Marine Servs. Co., Inc. v.*
26   *Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988).
27   //
28

1

**C. The Balance of Equities Tips Against Plaintiff.**

2

The Court must analyze the potential for harm all parties face if the injunction is

3

or is not granted.  In this case, Plaintiff has no right to vote, and thus faces no cognizable

4

harm.  On the other hand, "a state suffers irreparable injury whenever an enactment of its

5

people or their representatives is enjoined." *Coal. For Econ. Equity v. Wilson*, 122 F.3d

6

718, 719 (9th Cir. 1997).  Plaintiff's request to enjoin A.R.S. § 16-101(A)(5) shortly

7

before an election could disrupt election procedures and therefore the balance of equities

8

tips in favor of the State.

9

The relief Plaintiff seeks regarding the alleged criminal violations likewise tips

10

sharply against him.  Plaintiff seeks a TRO that will function as a *de facto* declaratory

11

judgment that the Defendants have engaged in a concerted effort to deny his civil rights

12

and are violating criminal statutes.  *See* (Purposed) (*sic*) Temporary Restraining Order,

13

Doc. 18-1.  Moreover, Plaintiff's requested relief would effectively prevent the AGO

14

from defending the State and the Secretary, despite the AGO's statutory and

15

constitutional role as the attorney for both entities.  A.R.S. § 41-192(A) (stating that the

16

Attorney General serves as the chief legal officer of the State and State agencies).  These

17

are strong remedies that are simply not available as a preliminary matter when Plaintiff

18

has not provided any evidence of witness tampering (18 U.S.C. § 1512(b)), conspiracy

19

(18 U.S.C. § 241), or use of force to infringe upon Plaintiff's civil rights (18 U.S.C.

20

§ 245(b)).  *See Winter*, 555 U.S. at 376 ("A preliminary injunction is an extraordinary

21

remedy never awarded as of right.").

22

**D. The Injunction Is Not in the Public's Best Interest.**

23

In allowing felon disenfranchisement, the Arizona Legislature has provided a

24

clear expression of public interest—felons should be granted the right to participate in

25

the electoral franchise under narrowly prescribed circumstances.  "[T]he public clearly

26

has an interest in the enforcement of its statutes." *Enyart v. Nat'l Conf. of Bar Exam'rs,*

27

*Inc.*, 630 F.3d 1153, 1167 (9th Cir. 2011); *see also Golden Gate Rest. Ass'n v. Cnty. of*

28

1    *San Francisco*, 512 F.3d 1112, 1127 (9th Cir. 2008) ("The public interest may be

2    declared in the form of a statute."); *Burford v. Sun Oil Co.*, 319 U.S. 315, 318 (1943)

3    ("[I]t is in the public interest that federal courts of equity should exercise their

4    discretionary power with proper regard for the rightful independence of state

5    governments in carrying out their domestic policy.").  Although restrictions on the right

6    to vote may fairly be viewed with skepticism under certain circumstances, those

7    circumstances are not present here.  Rather, Plaintiff seeks to litigate whether he should

8    be granted the right the right to vote despite his admitted status as a convicted felon, a

9    proposition that the Supreme Court has stated is an "obvious example" of a factor that

10   the State may legitimately consider in determining voter qualification.  *Lassiter v.*

11   *Northampton Cnty. Bd. of Elections*, 360 U.S. 45, 50 (1959).

12        When a party seeks an injunction that will adversely affect the public interest,

13   "the court may in public interest withhold relief until a final determination of the rights

14   of the parties, though the postponement may be burdensome to the plaintiff."

15   *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-13 (1982) (internal quotation marks

16   omitted).  The Legislature has stated the public's interest, and it excludes convicted

17   felons from re-enfranchisement unless the felon takes specific steps to qualify to vote

18   (which Plaintiff has not done).

19        Plaintiff's accusations of federal criminal actions are similarly antithetical to the

20   public's best interest.  Plaintiff's allegations of criminal conduct and demands for a

21   preliminary injunction prohibiting state action against him seeks to undermine the

22   electoral process and punish state employees from taking steps to carry out their duties.

23        If we expect to attract talented and well-motivated lawyers to serve the
     public interest, we cannot allow them to be subject to frivolous and

24   vexatious litigation.  Not only will these lawyers look elsewhere for
     employment, but the enforcement of state laws will suffer because of

25   the chilling effect that such litigations will have upon those charged
     with enforcement.  Although this court will not hesitate to condemn

26   "overreaching" on the part of administrative agencies, we likewise will
     not close our eyes to blatant efforts at frustrating legitimate enforcement

27   proceedings.

28

*Challenge, Inc. v. State ex rel. Corbin*, 673 P.2d 944, 950 (Ariz. App. 1983) (internal citations omitted).

This case is not indicative of any "overreaching" on the part of the State, the Secretary, or the AGO.  Rather, when faced with a frivolous lawsuit, Defendants protected the State's interest and moved to have Plaintiff's suit dismissed pursuant to the rules of civil procedure.  In the performance of his duties, the Secretary's spokesperson made an accurate statement of Arizona state law to the press.  This is the factual foundation from which Plaintiff conjures a criminal conspiracy to obstruct his congressional run.  But Plaintiff cannot point to a single action demonstrating an actual conspiracy or concrete steps taken to undermine his ability to run, because there simply are none.  The preliminary relief that Plaintiff seeks would harm the public's best interest and militate in favor of denying his request for early relief.

## III.   CONCLUSION

Plaintiff has not articulated any facts to reach the high bar required for preliminary equitable relief.  Therefore, the Court should deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctions.

Respectfully submitted this 17th day of <u>March</u>, <u>2016</u>.

Mark Brnovich
Attorney General


 s/ Kara M. Karlson
James Driscoll-MacEachron
Kara M. Karlson
Assistants Attorney General
Attorneys for Defendants

10

1

2          I certify that I electronically transmitted the attached document to the Clerk's
Office using the CM/ECF System for filing and transmittal of a Notice of Electronic
3    Filing to the following, if CM/ECF registrants, and mailed a copy of same if non-
registrants, this 17th day of March, 2016:

4

Brian Edward Malnes
5    2157 W. Alaska Ave.
Flagstaff, AZ  86001
6    Plaintiff pro per

7     s/ Maureen Riordan

8

9

10

11

12

13

14

15

16

17

18

19    #4971878

20

21

22

23

24

25

26

27

28