FILED
RECEIVED ____ COPY
JUN 13 2016
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ AO _____ E DEPUTY

Brian Edward Malnes
2157 West Alaska Avenue
Flagstaff, Arizona, 86001
928-774-4580

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Edward Malnes, | CV-16-08008-PCT-GMS |
| Plaintiff *Pro se*, | **MEMORANDUM IN SUPPORT OF PRELIMINARY INJUNCTION** |
| vs. | |
| State of Arizona, Michele Reagan | |
| Defendants. | |
| | ORAL ARGUMENT REQUESTED |

    Brian Edward Malnes (Plaintiff) comes before the Court to file a "Memorandum in Support of Preliminary Injunction," filed in support of Plaintiff's "Motion for Preliminary Injunction" (Doc. #35), which states, "The Plaintiff moves that a Preliminary Injunction be issued to the State of Arizona, and Michele Reagan (Defendants) requiring them to abide by the U.S. Constitution, by removing the Un-Constitutional requirement for qualification for Federal Office found within the Arizona State Statute, A.R.S. § 16-311(A)&(B)." Because an injunction was not issued, the Plaintiff was denied his Constitutional Right to run for the U.S. House of Representatives. According to the Defendant's Website,[1] the Plaintiff is not on the ballot for the office he was registered for with the FEC (#H6AZ01231). As such, the Plaintiff requests

---

[1] http://apps.azsos.gov/election/2016/Candidates/PrimaryCandidates.htm

Brian Edward Malnes, *Pro se*

injunctive relief that allows the Plaintiff to appear on the Arizona statewide ballot that is under the supervision of the Defendants. November 8, 2016 ballot as an Independent Candidate (not a write-in candidate) for the U.S. House of Representatives AZ-CD #1.

After filing Document #35, the Plaintiff awaited a response from the Defendants (the State of Arizona and Michele Reagan), which he received on June 6, 2016 in the form of a "Purposed Partial Declaratory Judgment (PPDJ)," **EXHIBIT 1**. In the PPDJ, the Defendant's agree that the A.R.S. § 16-311(A) is indeed unconstitutional as stated: "The parties also stipulate to a declaratory judgment that the requirement that an individual cannot run for office if the individual has been convicted of a felony without being restored to civil rights incorporated into A.R.S. § 16-311(A) is unconstitutional as applied to candidates for federal office." Thus, the Defendants agree with the U.S. Constitution's 'Qualification Clause' and recognize that A.R.S. § 16-311(A) is "unconstitutional."

On March 25, 2016, the Plaintiff filed a "Notice of Constitutional Challenge to a Statute" (Doc. #33), in which he challenged A.R.S. § 16-311(A). At no time since that filing have the Defendants addressed this issue, which they now acknowledge as unconstitutional. In fact, the Defendant's have pointed to A.R.S. § 16-311(A), "Indeed, the first day that Plaintiff can file nomination papers with the Secretary's office is May 2, 2016, and the last day is June 1, 2016. A.R.S. § 16-311(A) (requiring filing of a nomination paper "not less than ninety nor more than one hundred twenty days before the primary election."). In other words, Defendants have not taken any steps to harm Plaintiff's federal campaign, much less taken any steps that would irreparably harm his ability to run" (Doc. #24). However, by pointing to a law (A.R.S. § 16-311(A)) that the Defendants now agree is unconstitutional, the Defendants have caused harm to the Plaintiff's campaign.

In addition, by obeying the law, the Plaintiff was unable to get signatures on his own behalf, due to the fact he is not a "qualified elector." In addition, the Defendants spokesman Matt Roberts made a statement to the media that has led to the Plaintiff being questioned about his

qualification, and arguably has led to his not being on the ballot for the State of Arizona General Election. Thus, adding undue, and unconstitutional bias against the Plaintiff.

By agreeing that A.R.S. § 16-311(A) is unconstitutional, the Defendant's have admitted they have violated the Plaintiff's civil rights by endorsing, and enforcing the requirements of A.R.S. § 16-311(A) (Doc. #24).

THEREFORE, the Plaintiff requests the Court to impose an injunction against the statutes listed above and in the Plaintiff's "Motion for Preliminary Injunction" (Doc. #35), and A.R.S. § 16-341(A) that precludes the Plaintiff from his Civil Right to run for office in the State of Arizona. Plaintiff further requests injunctive relief that allows the Plaintiff to appear on the Arizona statewide ballot that is under the supervision of the Defendants. November 8, 2016 ballot as an Independent Candidate for the U.S. House of Representatives AZ-CD #1.

Dated this 11th day of June 2016.

_____
Brian Edward Malnes
2157 W. Alaska Ave.
Flagstaff, AZ 86001
928-774-4580
malnes@me.com
Plaintiff, *Pro se*

# EXHIBIT 1

Mark Brnovich
Attorney General
(Firm State Bar No. 14000)
James Driscoll-MacEacheron (No. 027828)
Kara M. Karlson (No. 029407)
Office of the Attorney General
1275 West Washington Street
Phoenix, AZ 85007-2926
Telephone: (602) 542-8304
Facsimile: (602) 542-8308
paula.bickett@azag.gov

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRIAN EDWARD MALNES,<br><br>      Plaintiff,<br><br>vs.<br><br>STATE OF ARIZONA, and MICHELE REAGAN, in her official capacity as Secretary of State of Arizona,<br><br>      Defendants. | Case No.: 3:16-CV-08008-GMS<br><br>**STIPULATION CONSENTING TO ENTRY OF PARTIAL DECLARATORY JUDGMENT AND PROPOSED PARTIAL DECLARATORY JUDGMENT** |

The parties stipulate and agree to the following:

1) On May 26, 2016, Plaintiff Brian Edward Malnes filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 35) against Defendants the State of Arizona and Secretary of State Michele Reagan, alleging that the requirements in A.R.S. §§ 16-311 (A) and -341(A), applying a definition of "qualified elector" that bars felons from running as a candidate for federal office, is unconstitutional.

2) Plaintiff's Amended Complaint (Doc. 7) does not include this claim. However, given the liberal standard of Rule 15 of the Federal Rules of Civil Procedure, and the parties' agreement to resolve this issue by stipulation, it is not in the best

interest of the parties or the Court to require Plaintiff to amend his Amended Complaint prior to resolving the issue.

3) To the extent that A.R.S. §§ 16-311(A) and -341(A) incorporate A.R.S. §§ 16-101(A)(5) and -121(A) to bar an individual convicted of a felony that has not been restored to civil rights from running for office, it does not apply to candidates for federal office, based on the holding in *U.S. Term Limits, Inc. v. Thornton*, 514 U.S. 779, 827 (1995).

4) All other current procedural requirements for federal candidates in Arizona law, including, but not limited to the nomination paper filing requirements in A.R.S. §§ 16-311 and -341, remain enforceable.

5) All current substantive and procedural requirements for candidates running for State, county, and local elections remain enforceable, including all provisions of A.R.S. §§ 16-101, -121, -311, and -341.

6) The parties stipulate to a declaratory judgment that, based on the Supreme Court decision in *Term Limits*, an individual may run for federal office despite having been convicted of a felony without being restored to civil rights, so long as the individual meets all other requirements under the U.S. Constitution as well as all other procedural requirements as described in paragraph 4 above.

7) The parties also stipulate to a declaratory judgment that the requirement that an individual cannot run for office if the individual has been convicted of a felony without being restored to civil rights incorporated into A.R.S. § 16-311(A) is unconstitutional as applied to candidates for federal office.

8) The Defendants dispute Plaintiff's remaining claims, including those found in his Amended Complaint (Doc. 7) and the first Temporary Restraining Order and Preliminary Injunction (Doc. 18) filed on March 1, 2016. This Stipulation Consenting to Entry of Partial Declaratory Judgment and Proposed Partial Declaratory Judgment shall have no effect on Plaintiff's remaining claims and Defendants' defenses to those claims.

9) This Stipulation Consenting to Entry of Partial Declaratory Judgment and Proposed Partial Declaratory Judgment resolves all issues raised by Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 35) against Defendants.

10) Each party shall be responsible for its own attorneys' fees and costs on this claim.

RESPECTFULLY SUBMITTED this ___ day of June, 2016.

Mark Brnovich
Attorney General

James Driscoll-MacEachron
Kara M. Karlson
*Attorneys for Defendants State of Arizona and Michele Reagan*

Brian Edward Malnes
*Plaintiff, pro se*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRIAN EDWARD MALNES,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF ARIZONA, and MICHELE REAGAN, in her official capacity as Secretary of State of Arizona,<br><br>Defendants. | Case No.: 3:16-cv-08008-GMS<br><br>**PARTIAL DECLARATORY JUDGMENT** |

Having considered the Stipulation Consenting to Entry of Partial Declaratory Judgment, and good cause appearing therefore, the Court hereby grants Partial Declaratory Judgment pursuant to the terms Stipulation.

DONE IN OPEN COURT this ___ day of June, 2016.

_____
The Honorable G. Murray Snow