WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Edward Malnes,<br><br>              Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>              Defendants. | No. CV-16-08008-PCT-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss for failure to state a claim by Defendants. (Doc. 38.) For the following reasons, the Court grants the motion with prejudice. All other pending motions are therefore moot. Specifically, the Motion for Preliminary Injunction and for Temporary Restraining Order by Brian Edward Malnes ("Malnes") (Doc. 18), Motion for Preliminary Injunction and for Temporary Restraining Order by Malnes (Doc. 35), Motion to Strike Memorandum in Support of Preliminary Injunction by Defendants (Doc. 40), Motion to Strike Motion to Strike Memorandum in Support of Preliminary Injunction by Malnes (Doc. 41), and Motion to Strike Defendant's Notice of Errata by Malnes (Doc. 46) are moot.

## BACKGROUND

Brian Edward Malnes is a citizen of Arizona who resides in Flagstaff. Malnes alleges that on January 19, 2016, he attempted to register to vote on the State of Arizona's Voter Registration page but could not do so because under Arizona law, a

resident of the state may register to vote only if he satisfies various criteria, one of which is that he "[h]as not been convicted of treason or a felony, unless restored to civil rights."[1] (Compl. ¶ 2.) Malnes contends that this law violates his constitutional rights under the Fifteenth and Twenty-Sixth Amendments. He now brings a claim against the State of Arizona as well as the Secretary of the State of Arizona.

## DISCUSSION

As a preliminary matter, the Eleventh Amendment bars Malnes, an Arizona citizen, from bringing a claim against the State of Arizona. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("This Court's decisions thus establish that 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" (internal citations omitted)). There are narrow exceptions to this rule, which include: where the State has consented to suit, where the State has waived its immunity, or where Congress specifically abrogated the immunity. *Id.* at 101-02. However, none of these exceptions apply here, and therefore, the State of Arizona and its agencies are immune from Malnes' claims.

However, Malnes may bring a claim against a state official for a present violation of federal law. *Edelman v. Jordan*, 415 U.S. 651, 664 (1974) (holding that the Eleventh Amendment does not bar an action seeking to enjoin a state official from enforcing a statute which is claimed to violate the Unites States Constitution). But, Malnes may only seek prospective relief. *Id.* at 664, 677-78. The Court will therefore only consider Malnes' claims against the Secretary in her official capacity for injunctive relief.

**I.    Legal Standard**

To survive a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[1] Although Malnes cited A.R.S. § 16-101(B), it is clear from his complaint that he meant to cite A.R.S. § 16-101(A)(5), which contains the above quoted text. Section (B) defines "resident," a term which is not at issue in this case.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

However, pro se litigants will not be held to the same pleading standards as lawyers. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks omitted); *cf.* F.R.C.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

**II.    Analysis**

    **A.    Malnes fails to state a facially plausible claim under the Fifteenth Amendment.**

Under Arizona law, "[e]very resident of the state is qualified to register to vote if he" meets certain criteria bearing on citizenship, age, residency, ability, and capacity, as well as the requirement that a voter must not have been "convicted of treason or a felony, unless restored to civil rights." A.R.S. § 16-101(A) (1993). Malnes claims that the statute violates the Fifteenth Amendment because the state "cannot deny franchise to a felon who has served [his] term of servitude." (Compl. at 2–3.)

To properly plead a Fifteenth Amendment violation, a plaintiff must show that his or her vote was "denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." U.S. Const. amend. XV, § 1. The

language in the Fifteenth Amendment assuring that suffrage cannot be denied because of a "previous condition of servitude" was drafted to ensure that a person's status as a newly emancipated slave could not be used as a race-based means of denying voting rights: "Enacted in the wake of the Civil War, the immediate concern of the [Fifteenth] Amendment was to guarantee to the emancipated slaves the right to vote, lest they be denied the civil and political capacity to protect their new freedom." *Rice v. Cayetano*, 528 U.S. 495, 512 (2000). "The design of the Amendment is to reaffirm the equality of races at the most basic level of the democratic process, the exercise of the voting franchise." *Id.*

"Felon disenfranchisement laws have a long history in the United States . . . predat[ing] the Jim Crow era and, with a few notable exceptions, have not been adopted based on racial considerations." *Farrakhan v. Gregoire*, 623 F.3d 990, 993 (9th Cir. 2010) (internal citation omitted). "Many such laws were in effect when the Fourteenth and Fifteenth Amendments were ratified; indeed, felon disenfranchisement has an affirmative sanction in the Fourteenth Amendment." *Id.* (citing *Richardson v. Ramirez,* 418 U.S. 24, 54 (1974)). "[A]n overwhelming number of states—including all states in our circuit—disenfranchise felons." *Id.*

The Constitution prohibits states from disenfranchising felons only when such disenfranchisement is designed to effect racial discrimination. *See Hunter v. Underwood*, 471 U.S. 222, 233 (1985) (holding a disenfranchisement statute unconstitutional under the Fourteenth Amendment where "purposeful racial discrimination attend[ed] [its] enactment and operation"); *Farrakhan*, 623 F.3d at 993 ("[P]laintiffs bringing a [section 2 of the Voting Rights Act] challenge to a felon disenfranchisement law based on the operation of a state's criminal justice system must at least show that the criminal justice system is infected by *intentional* discrimination or that the felon disenfranchisement law was enacted with such intent."); *cf. Gomillion v. Lightfoot*, 364 U.S. 339, 346-47 (1960) (holding that gerrymandering violates the Fifteenth Amendment where the legislature "singles out a readily isolated segment of a racial minority for special discriminatory

treatment"). "To state a cause of action under the Fifteenth Amendment, the plaintiffs must show an outright denial of the ballot by the state with a racially discriminatory motive." *Irby v. Fitz-Hugh*, 692 F. Supp. 610, 616-17 (E.D. Va. 1988), *aff'd sub nom. Irby v. Virginia State Bd. of Elections*, 889 F.2d 1352 (4th Cir. 1989); *see also White v. Tennessee*, No. 2:14-CV-118, 2014 WL 3339625, at *3 (E.D. Tenn. July 8, 2014), *appeal dismissed* (Aug. 20, 2014); *Jones v. Edgar*, 3 F. Supp. 2d 979, 980-81 (C.D. Ill. 1998). In the absence of intentional racial discrimination, a person's "previous criminal record" is an "obvious" factor "which a State may take into consideration in determining the qualifications of voters." *Richardson,* 418 U.S. at 53 (quoting *Lassiter v. Northampton Cty. Bd. of Elections*, 360 U.S. 45, 51 (1959)).

Malnes does not allege that A.R.S. § 16-101(A)(5) intentionally effects racial discrimination. As such, Malnes does not present a claim which "plausibly suggests entitlement to relief." *See Iqbal*, 556 U.S. at 678; *See also Erickson*, 551 U.S. at 94.

> **B.     Malnes fails to state a facially plausible claim under the Twenty-Sixth Amendment.**

To claim relief under the Twenty-Sixth Amendment, Malnes must allege that he is eighteen years old and that his right to vote has been "denied or abridged . . . *on account of age*." U.S. Const. amend. XXVI. (emphasis added). Here, Malnes has not alleged his age, nor has he alleged that his right to vote was denied or abridged because of his age. (Compl. ¶ 2.) Thus, Malnes has not properly alleged a plausible claim under which this court may grant relief under the Twenty-Sixth Amendment.

### CONCLUSION

Arizona's statute disenfranchising convicted felons violates neither the Fifteenth nor the Twenty-Sixth Amendment, and therefore the Court grants Defendants' motion to dismiss. All other pending motions are therefore moot.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss by Defendants (Doc. 15) is **GRANTED** with prejudice. The Clerk of Court is directed to enter judgment accordingly.

1  **IT IS FURTHER ORDERED** that the Motion for Temporary Restraining Order
2  and Motion for Preliminary Injunction by Brian Edward Malnes (Doc. 18) is **DENIED** as
3  moot.

4  **IT IS FURTHER ORDERED** that the Motion for Temporary Restraining Order
5  and Motion for Preliminary Injunction by Brian Edward Malnes (Doc. 35) is **DENIED** as
6  moot.

7  **IT IS FURTHER ORDERED** that the Motions to Strike Memorandum in
8  Support of Preliminary Injunction by Defendants (Docs. 40-41) are **DENIED** as moot.

9  **IT IS FURTHER ORDERED** that the Motion to Strike Defendant's Notice of
10 Errata by Brian Edward Malnes (Doc. 46) is **DENIED** as moot.

11 Dated this 5th day of July, 2016.

*[signature: G. Murray Snow]*

Honorable G. Murray Snow
United States District Judge