**NOT FOR PUBLICATION**

FILED

JUN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRIAN EDWARD MALNES,

Plaintiff-Appellant,

v.

STATE OF ARIZONA; MICHELE REAGAN,

Defendants-Appellees.

No. 16-16208

D.C. No. 3:16-cv-08008-GMS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted June 26, 2017[**]

Before: PAEZ, BEA, and MURGUIA, Circuit Judges.

Brian Edward Malnes appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a violation of his rights under the Fifteenth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, we deny Malnes's request for oral argument, set forth in his reply brief.

de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Malnes's Fifteenth Amendment claim for damages against defendant Reagan in her official capacity, and for damages and injunctive relief against the State of Arizona, because the claim is barred by Eleventh Amendment immunity. *See Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003) ("The Eleventh Amendment erects a general bar against federal lawsuits brought against a state."). We reject as without merit Malnes's claim that defendants' settlement offer waived this immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) ("In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction." (internal quotation marks omitted)).

The district court properly dismissed Malnes's Fifteenth Amendment claim for prospective injunctive relief against defendant Reagan in her official capacity because Malnes failed to allege facts sufficient to establish that Arizona's felon disenfranchisement statute reflects racial animus or discrimination, or deprives him of the right to vote due to his "previous condition of servitude." U.S. Const.

amend. XV, § 1; *Farrakhan v. Gregoire*, 623 F.3d 990, 993 (9th Cir. 2010) ("Felon disenfranchisement laws have a long history in the United States . . . predat[ing] the Jim Crow era and, with a few notable exceptions, have not been adopted based on racial considerations." (citations omitted)); *see also* U.S. Const. amend. XIII ("Neither slavery nor involuntary servitude, *except as a punishment for crime whereof the party shall have been duly convicted*, shall exist within the United States, or any place subject to their jurisdiction." (emphasis added)).

The district court properly denied as moot Malnes's pending motions after dismissing the action with prejudice.

Contrary to Malnes's contentions, the district court was not required to hold a hearing and allow oral argument prior to ruling on Malnes's motions. *See* Fed. R. Civ. P. 78(b); D. Ariz. Civ. L.R. 7.2(f) ("The Court may decide motions without oral argument.").

The district court did not err in failing to recuse itself sua sponte because Malnes failed to establish extrajudicial bias or prejudice. *See* 28 U.S.C. § 455; *Noli v. Comm'r*, 860 F.2d 1521, 1527 (9th Cir. 1988) ("[I]f no motion is made to the judge . . . a party will bear a greater burden on appeal in demonstrating that the judge . . . [erred] in failing to grant recusal under section 455." (alteration in original) (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**